UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

Stephanie Sepolio,

          Plaintiff,

v.

FMA Alliance, LTD,

          Defendant.

Civil Action No.: 3:20-cv-44

**COMPLAINT**
**JURY**

For this Complaint, the Plaintiff, Stephanie Sepolio, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Stephanie Sepolio ("Plaintiff"), is an adult individual residing in League City, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, FMA Alliance, LTD ("FMA"), is a Texas business entity with an address of 12339 Cutten Street, Houston, Texas 77066, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

6.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.    The Debt was purchased, assigned or transferred to FMA for collection, or FMA was employed by the Creditor to collect the Debt.

9.    The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    FMA Engages in Harassment and Abusive Tactics**

10.    On or around September 23, 2019, FMA called Plaintiff's neighbor in an attempt to collect the Debt from Plaintiff.

11.    During a conversation with Plaintiff's neighbor, FMA failed to seek to correct or confirm Plaintiff's location information as allowed by the FDCPA.

12.    Instead, FMA falsely stated that the neighbor's number was listed as the main number on the account and asked the neighbor to have Plaintiff return a call to FMA.

**C.    Plaintiff Suffered Actual Damages**

13.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

17. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

18. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

  1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 12, 2020

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff